# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

*File No.*
**26CV028765-590**

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name And Address Of Plaintiff 1 | |
|---|---|
| MAURICE CLACK<br>2027 BLUE SKY<br>COVINGTON, GA 30016 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING   ☐ SUBSEQUENT FILING |

*Name And Address Of Plaintiff 2*

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

### VERSUS

*Name And Address Of Defendant 1*
GREYHOUND LINES, INC.
VIA CT CORPORATION SYSTEM
160 MINE LAKE CT., SUITE 200
RALEIGH, NC 27615

*Summons Submitted*
☐ Yes  ☐ No

*Name And Address Of Defendant 2*

*Summons Submitted*
☒ Yes  ☐ No

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
MARY FRANCES PARKER
THE PARKER FIRM, PLLC
321 ANTHONY CIRCLE
CHARLOTTE, NC 27211

| *Telephone No.* 615-485-1584 | *Cellular Telephone No.* |
|---|---|

| *NC Attorney Bar No.* 55859 | *Attorney Email Address* maryfrances@theparkerfirmlaw.com |
|---|---|

☒ Initial Appearance in Case  ☐ Change of Address

| *Name Of Firm* THE PARKER FIRM, PLLC | *Fax No.* n/a |
|---|---|

*Counsel For*
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

Electronically Filed Date: 5/22/2026 2:48 PM Mecklenburg County Clerk of Superior Court

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

EXHIBIT
A

| CLAIMS FOR RELIEF | |
|---|---|

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☐ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)

- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☒ Negligence - Motor Vehicle (MVNG)
- ☒ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- ☐ Possession Of Personal Property (POPP)

- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other *(specify and list each separately)*

| Date | Signature Of Attorney/Party |
|---|---|
| 05/22/2026 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

Case 3:26-cv-00537-MEO-DCK    Document 1-2    Filed 07/08/26    Page 2 of 26

# STATE OF NORTH CAROLINA

<u>MECKLENBURG</u> County

File No.
**26CV028765-590**

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>MAURICE CLACK | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| *Address*<br>2027 BLUE SKY AVENUE | |
| *City, State, Zip*<br>COVINGTON, GA 30016 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | *Date Original Summons Issued*<br>05/22/2026 |
| *Name Of Defendant(s)*<br>GREYHOUND LINES, INC. | *Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>GREYHOUND LINES, INC.<br>VIA CT CORPORATION SYSTEM<br>160 MINE LAKE CT., SUITE 200<br>RALEIGH, NC 27615 | *Name And Address Of Defendant 2* |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>MARY FRANCES PARKER<br>321 ANTHONY CIRCLE<br>CHARLOTTE, NC 28211 | *Date Issued*<br>05/22/2026 | *Time* 3:01:35 pm ☐ AM ☐ PM |
| | *Signature* **/s/ Kayla Moore** | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have* **MANDATORY ARBITRATION** *programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

Case 3:26-cv-00537-MEO-DCK   Document 1-2   Filed 07/08/26   Page 3 of 26

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

26CV028765-590

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

| | | |
|---|---|---|
| MAURICE CLACK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | JURY DEMAND |
| GREYHOUND LINES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

NOW COMES the Plaintiff MAURICE CLACK, by and though her attorney Mary Frances Parker of The Parker Firm, PLLC, complaining of the Defendant, alleges and says as follows:

## A. PARTIES

1. At all times relevant to the wrongful conduct complained herein, Maurice Clack (hereinafter "Plaintiff) is an individual citizen and resident of the State of Georgia.

2. Upon information and belief, Greyhound Lines, Inc., (hereinafter "Defendant") is Texas corporation authorized to do business in the State of North Carolina. Defendant regularly conducts business, and is authorized to do so, in the State of North Carolina.

3. Defendant may be served by serving its registered agent CT Corporation System at 160 Mine Lake Court Suite 200, Raleigh, North Carolina, 27615.

## B. JURSIDICTION AND VENUE

4. The Court has general personal jurisdiction over the Defendant because the Defendant is a corporation registered, and regularly doing business, in the State of North Carolina. The Court also has specific personal jurisdiction over the Defendant because the events at issue all transpired in the State of North Carolina.

5. The Superior Court of the North Carolina General Court of Justice has jurisdiction over the matter pursuant to North Carolina Gen. Stat. §7A-240 and. §7A-243, as the amount in controversy exceeds $25,000.00.

1

Electronically Filed Date: 5/22/2026 2:48 PM Mecklenburg County Clerk of Superior Court

6. Pursuant to North Carolina Gen. Stat. §1-82, venue is proper in Mecklenburg County, North Carolina.

## C. BACKGROUND

7. On May 23, 2023, Plaintiff was a passenger on a bus owned and operated by Defendant Greyhound. Defendant's driver backed into a telephone pole in Charlotte, North Carolina. The negligence of Defendant was the cause of the crash and Plaintiff suffered permanent and serious injuries as a result thereof.

## D. GENERAL CAUSES OF ACTION AND FACTS UNDERLYING THESE CLAIMS

8. On May 23, 2023, Defendant Greyhound entrusted the bus in question to an unknown employee. Said employee failed to obey traffic laws which caused collision.

9. The acts and/or omissions of Defendant Greyhound's employee on May 23, 2023 also violated numerous provisions of the North Carolina Traffic Code and the Federal Carrier Safety Regulations, all of which were, singularly or in combination, negligence and a proximate cause of the collision and Plaintiff's serious and permanent injuries.

10. Defendant Greyhound failed to properly train its driver. Defendant Greyhound is also responsible under the doctrine of respondent superior as its employee was operating the bus during the course and scope of their employment as defined by the Federal Motor Safety Carrier Regulations.

## E. GENERAL CAUSES OF ACTION AND FACTS UNDERLYING THESE CLAIMS

11. On May 23, 2023, the Greyhound driver was guilty of one or more of the following acts of negligence and/or negligence per se, among others, which proximately caused the collision in question and the injuries and damages sustained by Plaintiff. For example, the Greyhound driver backed up the vehicle when it was unsafe to do so in violation of North Carolina Traffic Code 20-154(a). Defendant owed a duty to other motorists, including Plaintiff, to operate the vehicle in a reasonable and prudent manner and they failed to do so.

12. These acts by Defendant constituted negligence and/or negligence per se for which Defendant should be held liable for the serious personal injuries to Plaintiff. Alternatively, the statutes establish the standard of care for a driver of a commercial vehicle.

13. Defendant Greyhound failed to properly train its driver. Defendant Greyhound is also responsible under the doctrine of respondent superior as its employee was operating the

2

bus during the course and scope of their employment as defined by the Federal Motor Safety Carrier Regulations.

F. NEGLIGENCE AND/OR NEGLIGENCE *PER SE* OF DEFENDANT GREYHOUND'S DRIVER

14. On May 23, 2023, the Greyhound driver was guilty of one or more of the following acts of negligence and/or negligence per se, among others, which proximately caused the collision in question and the injuries and damages sustained by Plaintiff. For example, the Greyhound driver backed up the vehicle when it was unsafe to do so in violation of North Carolina Traffic Code 20-154(a). Defendant owed a duty to other motorists, including Plaintiff, to operate the vehicle in a reasonable and prudent manner and they failed to do so.

15. These acts by Defendant constituted negligence and/or negligence per se for which Defendant should be held liable for the serious personal injuries to Plaintiff. Alternatively, the statutes establish the standard of care for a driver of a commercial vehicle.

G. NEGLIGENCE AND/OR NEGLIGENCE PER SE OF DEFENDANT GREYHOUND LINES, INC.

16. Defendant Greyhound violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, and Defendant Greyhound is therefore liable for negligence and/or negligence per se. Such acts and/or omissions were a proximate cause of the damages in question. Defendant Greyhound is a common carrier and owes a heightened duty of care to its passengers, including Plaintiff.

17. On or about May 23, 2023, Defendant Greyhound was the owner of the bus involved in the collision in question. Prior to and at the time in question, Defendant Greyhound entrusted its bus to an unknown employee for the purpose of operating it on the public streets and highways. Thereafter, said employee operated said bus with the knowledge, consent and permission of Defendant Greyhound.

18. At such time, Greyhound knew or should have known that its employee was incompetent or unfit to safely operate a bus on public streets and highways in that said employee was reckless.

19. At such time, Defendant Greyhound knew, or in the exercise of due care, should have known that its employee was an incompetent driver and would create an unreasonable risk of danger to persons or property on public streets and highways.

20. Defendant Greyhound is also liable for Plaintiff's damages under the doctrine of Respondent Superior as its employee was driving in the course and scope of their employment as defined by the Federal Motor Carrier Regulations, including 49 C.F.R. §390.5.

3

21. Additionally, distinct from vicarious liability, the direct negligence of Greyhound was a proximate cause of the collision. By way of example only, Defendant Greyhound violated at least the following:

(a) 49 C.F.R. 383.111 (failure to have required knowledge of vehicle operation);

(b) 49 C.F.R. 383.113 (failure to have required skills in vehicle operation);

(c) 49 C.F.R. 390.3 (knowledge and compliance with the regulations);

(d) 49 C.F.R. 390.11 (requiring observance of regulations);

(e) 49 C.F.R. 393.1 (c) (permitting the operation of substandard equipment);

(f) 49 C.F.R. 393.75 (equipment standards);

(g) 49 C.F.R. 390.13 (aiding, abetting or encouraging drivers to violate the law); and

(h) 49 C.F.R. 392.2 (operation in accordance with the law).

22. Defendant Greyhound was also required to observe those rules and regulations violated by its employee as listed above. The conduct of Defendant Greyhound in this case was negligence and/or negligence per se resulting in damages to the Plaintiff.

## H. <u>CAUSATION</u>

23. These acts and/or omissions by the Defendant were a proximate cause of the collision and the damages and severe injuries suffered by Plaintiff.

## I. <u>DAMAGES</u>

24. From the time of the negligence and other tortuous conduct until the time of trial in this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the past are as follows:

(a) The physical pain and suffering that Plaintiff has suffered in the past up to the time of trial;

(b) The mental pain and anguish that Plaintiff has suffered in the past up to the time of trial;

(c) The physical impairment that Plaintiff has suffered in the past up to the time of trial;

4

(d) The reasonable and necessary medical expenses that Plaintiff has incurred in the past up to the time of trial; and

(e) Loss of earning capacity that Plaintiff has incurred in the past up to the time of trial.

25. From the time of trial of this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the future are as follows:

(a) The physical pain and suffering that Plaintiff will suffer in the future from the time of trial;

(b) The mental pain and anguish that Plaintiff will suffer in the future from the time of trial;

(c) The physical impairment that Plaintiff will suffer in the future from the time of trial;

(d) The reasonable and necessary medical expenses that Plaintiff will suffer in the future from the time of trial; and

(e) Loss of earning capacity that Plaintiff will suffer in the future from the time of trial.

## J. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for the following relief:

1. That this matter be tried by a jury;

2. The Plaintiff be awarded a judgment against Defendant in an amount in excess

of $25,000 for each of the various causes of action set forth above;

3. That Plaintiff be awarded punitive damages in an amount to be determined by the

Jury and as allowed by law;

4. That the costs of this action by taxed against the Defendant;

5. That Plaintiff be awarded interest as provided by law; and

6. For such other relief as the Court and jury deems just or proper.

5

This the 22nd day of May, 2026.

<div style="margin-left:50%">

__E/S *Mary Frances Parker*_____
Mary F. Parker
NC Bar No. 55859
The Parker Firm, PLLC
321 Anthony Circle
Charlotte, North Carolina 28211
Phone: (615) 485-1584
Email: maryfrances@theparkerfirmlaw.com
*Attorney for Plaintiff*

</div>

6

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No.

26CV028765-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Maurice Clack

## VERSUS

Greyhound Lines, Inc.

### IN THE MATTER OF

# NOTICE OF APPEARANCE
# BY COUNSEL

*Name And Address Of Attorney Filing Notice Of Appearance*
Lisa Leeaphorn
3101 Glenwood Avenue, Suite 200

Raleigh                    NC        27612

*Name Of Attorney's Firm Or Office (if applicable)*
Young Moore and Henderson, P.A.

G.S. 15A-141; Rule 1.2(c) of the Rules of ProfessionalConduct of
the North Carolina State Bar; Local Rules (if applicable)

| *Email Address Of Attorney* | *State Bar No. Of Attorney* |
|---|---|
| lisa.leeaphorn@youngmoorelaw.com | 60959 |

| *Telephone No. Of Attorney* | *Fax No. Of Attorney (if applicable)* |
|---|---|
| (919) 782-6860 | (919) 782-6753 |

**To all parties to this action and to the Court:**

Now comes the undersigned attorney, who enters a Notice of Appearance on behalf of the party named below in the above titled action.

*Name Of Represented Party*
Defendant Greyhound Lines, Inc.

☐ Counsel's appearance is limited, such that counsel will represent the party only as to the following:

_____

_____

_____

_____

_____

## SIGNATURE

| *Date* | *Name Of Attorney Filing Notice (type or print)* | *Signature Of Attorney Filing Notice* |
|---|---|---|
| 06/11/2026 | Lisa Leeaphorn | /s/ Lisa Leeaphorn |

**NOTE:** *This Notice of Appearance shall be filed with the Court, either before service or within five days after service. G.S. 1A-1, Rule 5(d)(4).*

Original-Clerk of Superior Court     Copy-Each Party to Action     Copy-Other Persons (when required, as by Local Rule)
(Over)

AOC-G-312, New 3/20
© 2020 Administrative Office of the Courts

Electronically Filed Date: 6/11/2026 8:10 AM Mecklenburg County Clerk of Superior Court

The undersigned hereby certifies that on the date(s) specified below a copy of the foregoing Notice Of Appearance By Counsel was served on the parties or attorneys or other persons named below, and by the method(s) specified:

**On** *(name party or attorney or other person)* Mary Frances Parker , on *(give date)* 06/11/2026

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☒ Other manner of service: *(describe)*
By automated Notification of Service generated by the Court's e-filing system.

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

**On** *(name party or attorney or other person)* _____, on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| Address Of Attorney's Office Where Copy Left | Name Of Person With Whom Copy Left (type or print) |
|---|---|
| | Signature Of Person Accepting Service |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

Address Of Party Or Attorney Or Other Person

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

| Date | Name Of Attorney Filing Notice (type or print) | Signature Of Attorney Filing Notice |
|---|---|---|
| 06/11/2026 | Lisa Leeaphorn | /s/ Lisa Leeaphorn |

**STATE OF NORTH CAROLINA**

_____ Mecklenburg _____ County

File No.

26CV028765-590

In The General Court Of Justice
☐ District ☒ Superior Court Division

Maurice Clack

**VERSUS**

Greyhound Lines, Inc.

**IN THE MATTER OF**

**NOTICE OF APPEARANCE
BY COUNSEL**

*Name And Address Of Attorney Filing Notice Of Appearance*
Brian O. Beverly
3101 Glenwood Avenue, Suite 200

Raleigh                                    NC          27612

G.S. 15A-141; Rule 1.2(c) of the Rules of ProfessionalConduct of
the North Carolina State Bar; Local Rules (if applicable)

| *Email Address Of Attorney* | *State Bar No. Of Attorney* |
|---|---|
| brian.beverly@youngmoorelaw.com | 21925 |

*Name Of Attorney's Firm Or Office (if applicable)*
Young Moore and Henderson, P.A.

| *Telephone No. Of Attorney* | *Fax No. Of Attorney (if applicable)* |
|---|---|
| (919) 782-6860 | (919) 782-6753 |

**To all parties to this action and to the Court:**

Now comes the undersigned attorney, who enters a Notice of Appearance on behalf of the party named below in the above titled action.

*Name Of Represented Party*
Defendant Greyhound Lines, Inc.

☐ Counsel's appearance is limited, such that counsel will represent the party only as to the following:

_____

_____

_____

_____

_____

**SIGNATURE**

| *Date* | *Name Of Attorney Filing Notice (type or print)* | *Signature Of Attorney Filing Notice* |
|---|---|---|
| 06/11/2026 | Brian O. Beverly | /s/ Brian O. Beverly |

**NOTE:** *This Notice of Appearance shall be filed with the Court, either before service or within five days after service. G.S. 1A-1, Rule 5(d)(4).*

Original-Clerk of Superior Court     Copy-Each Party to Action     Copy-Other Persons (when required, as by Local Rule)
(Over)

AOC-G-312, New 3/20
© 2020 Administrative Office of the Courts

Electronically Filed Date: 6/11/2026 8:10 AM Mecklenburg County Clerk of Superior Court

The undersigned hereby certifies that on the date(s) specified below a copy of the foregoing Notice Of Appearance By Counsel was served on the parties or attorneys or other persons named below, and by the method(s) specified:

**On** *(name party or attorney or other person)* Mary Frances Parker , on *(give date)* 06/11/2026

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
| | *Signature Of Person Accepting Service* |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☒ Other manner of service: *(describe)*
By automated Notification of Service generated by the Court's e-filing system.

**On** *(name party or attorney or other person)* _____ , on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
| | *Signature Of Person Accepting Service* |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

**On** *(name party or attorney or other person)* _____ , on *(give date)* _____

☐ by delivering a copy personally to the person listed above.

☐ by leaving a copy with a partner or employee of the above-named attorney at the following address:

| *Address Of Attorney's Office Where Copy Left* | *Name Of Person With Whom Copy Left (type or print)* |
| | *Signature Of Person Accepting Service* |

☐ by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the person listed above at the following address:

*Address Of Party Or Attorney Or Other Person*

☐ by telefacsimile to the telephone number of _____ on confirmed telefacsimile receipt, which is attached.

☐ Other manner of service: *(describe)*

| *Date* | *Name Of Attorney Filing Notice (type or print)* | *Signature Of Attorney Filing Notice* |
| 06/11/2026 | Brian O. Beverly | /s/ Brian O. Beverly |

AOC-G-312, Side Two, New 3/20, © 2020 Administrative Office of the Courts

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG        26CV028765-590

MAURICE CLACK,

       Plaintiff,

v.        **AFFIDAVIT OF SERVICE**

GREYHOUND LINES, INC.

       Defendant.

I, Mary F. Parker, being first duly sworn, deposes and says that:

1. I am the attorney for the Plaintiff, in the foregoing action and have personal knowledge of the matters alleged in this Affidavit and am authorized to make this oath on behalf of the Plaintiff.

2. On or about June 6, 2026, the undersigned deposited a copy of the Summons and Complaint issued by the Mecklenburg County Superior Court in the foregoing action with the United Sates Postal Service so that it may be served on the Registered Agent for Defendant Greyhound Lines, Inc. by Certified Mail, Return Receipt Requested in compliance with Rule 4(j) of the North Carolina Rules of Civil Procedure . A true and correct copy of the Summons and Complaint is attached as **Exhibit A.**

3. As evidenced by the applicable United States Postal Office's PS From 3800 in conjunction with the applicable delivery confirmation on the United States Website, the Registered Agent was served on behalf of Defendant Greyhound Lines, Inc. on **June 8, 2026,** at the address notated on the applicable Summons. A true and accurate copy of the aforementioned Postal Office form and delivery confirmation webpage are attached as **Exhibit B.**

4. As evidenced by the executed Unites States Postal Office's PS Form 3811 in conjunction with the applicable delivery confirmation on the United States Postal Service's website, Defendant Greyhound Lines Inc., was served by and through their Registered Agent on **June 8, 2026**, at the address listed on the applicable Summons. A true and accurate copy of the completed Postal Service From 3811 in conjunction with the applicable delivery confirmation on the United States Postal Service's website are attached as **Exhibit B.**

5. The Affiant submits this proof, together with Exhibits attached hereto and incorporated herein, as proof of service upon Defendant pursuant to N.C. Gen. Stat. § 1-75.10 (4) and Rule 4(j) of the North Carolina Rules of Civil Procedure.

*[Signatures on the following page]*

This the 23rd day of June, 2026.

Mary Frances Paker
The Parker Firm, PLLC
321 Anthony Circle
Charlotte, NC 28211
(p) 615-485-1584
Email: maryfrances@theparkerfirmlaw.com

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

Sworn to and subscribed before me on this 23rd day of June, 2026 by Mary Frances Parker.

Notary Public

My Commission Expires: September 9, 2029

Veronica L. Tabor
Printed name of Notary.

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.
26CV028765-590

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff* | |
| MAURICE CLACK | |
| *Address* | |
| 2027 BLUE SKY AVENUE | |
| *City, State, Zip* | |
| COVINGTON, GA 30016 | |

## VERSUS

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

*Name Of Defendant(s)*
GREYHOUND LINES, INC.

*Date Original Summons Issued*
05/22/2026

*Date(s) Subsequent Summons(es) Issued*

### To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| GREYHOUND LINES, INC.<br>VIA CT CORPORATION SYSTEM<br>160 MINE LAKE CT., SUITE 200<br>RALEIGH, NC 27615 | |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* | *Time* 3:01:35 pm ☐ AM ☐ PM |
|---|---|---|
| MARY FRANCES PARKER<br>321 ANTHONY CIRCLE<br>CHARLOTTE, NC 28211 | 05/22/2026 | |
| | *Signature* /s/ Kayla Moore | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: (type or print name) | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

26CV028765-590

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

MAURICE CLACK,               )
                             )
        Plaintiff,           )
                             )
v.                           )        COMPLAINT
                             )        JURY DEMAND
GREYHOUND LINES, INC.,       )
                             )
        Defendant.           )
_____)

NOW COMES the Plaintiff MAURICE CLACK, by and though her attorney Mary Frances Parker of The Parker Firm, PLLC, complaining of the Defendant, alleges and says as follows:

## A. PARTIES

1. At all times relevant to the wrongful conduct complained herein, Maurice Clack (hereinafter "Plaintiff) is an individual citizen and resident of the State of Georgia.

2. Upon information and belief, Greyhound Lines, Inc., (hereinafter "Defendant") is Texas corporation authorized to do business in the State of North Carolina. Defendant regularly conducts business, and is authorized to do so, in the State of North Carolina.

3. Defendant may be served by serving its registered agent CT Corporation System at 160 Mine Lake Court Suite 200, Raleigh, North Carolina, 27615.

## B. JURSIDICTION AND VENUE

4. The Court has general personal jurisdiction over the Defendant because the Defendant is a corporation registered, and regularly doing business, in the State of North Carolina. The Court also has specific personal jurisdiction over the Defendant because the events at issue all transpired in the State of North Carolina.

5. The Superior Court of the North Carolina General Court of Justice has jurisdiction over the matter pursuant to North Carolina Gen. Stat. §7A-240 and. §7A-243, as the amount in controversy exceeds $25,000.00.

1

6.  Pursuant to North Carolina Gen. Stat. §1-82, venue is proper in Mecklenburg County, North Carolina.

## C. BACKGROUND

7.  On May 23, 2023, Plaintiff was a passenger on a bus owned and operated by Defendant Greyhound. Defendant's driver backed into a telephone pole in Charlotte, North Carolina. The negligence of Defendant was the cause of the crash and Plaintiff suffered permanent and serious injuries as a result thereof.

## D. GENERAL CAUSES OF ACTION AND FACTS UNDERLYING THESE CLAIMS

8.  On May 23, 2023, Defendant Greyhound entrusted the bus in question to an unknown employee. Said employee failed to obey traffic laws which caused collision.

9.  The acts and/or omissions of Defendant Greyhound's employee on May 23, 2023 also violated numerous provisions of the North Carolina Traffic Code and the Federal Carrier Safety Regulations, all of which were, singularly or in combination, negligence and a proximate cause of the collision and Plaintiff's serious and permanent injuries.

10. Defendant Greyhound failed to properly train its driver. Defendant Greyhound is also responsible under the doctrine of respondent superior as its employee was operating the bus during the course and scope of their employment as defined by the Federal Motor Safety Carrier Regulations.

## E. GENERAL CAUSES OF ACTION AND FACTS UNDERLYING THESE CLAIMS

11. On May 23, 2023, the Greyhound driver was guilty of one or more of the following acts of negligence and/or negligence per se, among others, which proximately caused the collision in question and the injuries and damages sustained by Plaintiff. For example, the Greyhound driver backed up the vehicle when it was unsafe to do so in violation of North Carolina Traffic Code 20-154(a). Defendant owed a duty to other motorists, including Plaintiff, to operate the vehicle in a reasonable and prudent manner and they failed to do so.

12. These acts by Defendant constituted negligence and/or negligence per se for which Defendant should be held liable for the serious personal injuries to Plaintiff. Alternatively, the statutes establish the standard of care for a driver of a commercial vehicle.

13. Defendant Greyhound failed to properly train its driver. Defendant Greyhound is also responsible under the doctrine of respondent superior as its employee was operating the

2

bus during the course and scope of their employment as defined by the Federal Motor Safety Carrier Regulations.

F. <u>NEGLIGENCE AND/OR NEGLIGENCE *PER SE* OF DEFENDANT GREYHOUND'S DRIVER</u>

14. On May 23, 2023, the Greyhound driver was guilty of one or more of the following acts of negligence and/or negligence per se, among others, which proximately caused the collision in question and the injuries and damages sustained by Plaintiff. For example, the Greyhound driver backed up the vehicle when it was unsafe to do so in violation of North Carolina Traffic Code 20-154(a). Defendant owed a duty to other motorists, including Plaintiff, to operate the vehicle in a reasonable and prudent manner and they failed to do so.

15. These acts by Defendant constituted negligence and/or negligence per se for which Defendant should be held liable for the serious personal injuries to Plaintiff. Alternatively, the statutes establish the standard of care for a driver of a commercial vehicle.

G. <u>NEGLIGENCE AND/OR NEGLIGENCE PER SE OF DEFENDANT GREYHOUND LINES, INC.</u>

16. Defendant Greyhound violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, and Defendant Greyhound is therefore liable for negligence and/or negligence per se. Such acts and/or omissions were a proximate cause of the damages in question. Defendant Greyhound is a common carrier and owes a heightened duty of care to its passengers, including Plaintiff.

17. On or about May 23, 2023, Defendant Greyhound was the owner of the bus involved in the collision in question. Prior to and at the time in question, Defendant Greyhound entrusted its bus to an unknown employee for the purpose of operating it on the public streets and highways. Thereafter, said employee operated said bus with the knowledge, consent and permission of Defendant Greyhound.

18. At such time, Greyhound knew or should have known that its employee was incompetent or unfit to safely operate a bus on public streets and highways in that said employee was reckless.

19. At such time, Defendant Greyhound knew, or in the exercise of due care, should have known that its employee was an incompetent driver and would create an unreasonable risk of danger to persons or property on public streets and highways.

20. Defendant Greyhound is also liable for Plaintiff's damages under the doctrine of Respondent Superior as its employee was driving in the course and scope of their employment as defined by the Federal Motor Carrier Regulations, including 49 C.F.R. §390.5.

3

21. Additionally, distinct from vicarious liability, the direct negligence of Greyhound was a proximate cause of the collision. By way of example only, Defendant Greyhound violated at least the following:

(a) 49 C.F.R. 383.111 (failure to have required knowledge of vehicle operation);

(b) 49 C.F.R. 383.113 (failure to have required skills in vehicle operation);

(c) 49 C.F.R. 390.3 (knowledge and compliance with the regulations);

(d) 49 C.F.R. 390.11 (requiring observance of regulations);

(e) 49 C.F.R. 393.1 (c) (permitting the operation of substandard equipment);

(f) 49 C.F.R. 393.75 (equipment standards);

(g) 49 C.F.R. 390.13 (aiding, abetting or encouraging drivers to violate the law); and

(h) 49 C.F.R. 392.2 (operation in accordance with the law).

22. Defendant Greyhound was also required to observe those rules and regulations violated by its employee as listed above. The conduct of Defendant Greyhound in this case was negligence and/or negligence per se resulting in damages to the Plaintiff.

## H. CAUSATION

23. These acts and/or omissions by the Defendant were a proximate cause of the collision and the damages and severe injuries suffered by Plaintiff.

## I. DAMAGES

24. From the time of the negligence and other tortuous conduct until the time of trial in this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the past are as follows:

(a) The physical pain and suffering that Plaintiff has suffered in the past up to the time of trial;

(b) The mental pain and anguish that Plaintiff has suffered in the past up to the time of trial;

(c) The physical impairment that Plaintiff has suffered in the past up to the time of trial;

4

(d) The reasonable and necessary medical expenses that Plaintiff has incurred in the past up to the time of trial; and

(e) Loss of earning capacity that Plaintiff has incurred in the past up to the time of trial.

25. From the time of trial of this case, the elements of damages to be separately and individually considered for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element sustained in the future are as follows:

(a) The physical pain and suffering that Plaintiff will suffer in the future from the time of trial;

(b) The mental pain and anguish that Plaintiff will suffer in the future from the time of trial;

(c) The physical impairment that Plaintiff will suffer in the future from the time of trial;

(d) The reasonable and necessary medical expenses that Plaintiff will suffer in the future from the time of trial; and

(e) Loss of earning capacity that Plaintiff will suffer in the future from the time of trial.

## J. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That this matter be tried by a jury;

2. The Plaintiff be awarded a judgment against Defendant in an amount in excess

of $25,000 for each of the various causes of action set forth above;

3. That Plaintiff be awarded punitive damages in an amount to be determined by the

Jury and as allowed by law;

4. That the costs of this action by taxed against the Defendant;

5. That Plaintiff be awarded interest as provided by law; and

6. For such other relief as the Court and jury deems just or proper.

5

This the 22nd day of May, 2026.

\_\_E/S *Mary Frances Parker*_____
Mary F. Parker
NC Bar No. 55859
The Parker Firm, PLLC
321 Anthony Circle
Charlotte, North Carolina 28211
Phone: (615) 485-1584
Email: maryfrances@theparkerfirmlaw.com
*Attorney for Plaintiff*

6

Tracking Number:

# 9589071052701828946676

Copy  ⚹ Add to Informed Delivery

⊘ **Delivered**

**Delivered, Left with Individual**

RALEIGH, NC 27615
June 8, 2026 12:03 PM

See All Tracking History

## Latest Update

Your item was delivered to an individual at the address at 12:03 pm on June 8, 2026 in RALEIGH, NC 27615.

What Do USPS Tracking Statuses Mean?

## Get More Out of USPS Tracking:

USPS Tracking Plus®

## Text & Email Updates

## USPS Tracking Plus®

## Product Information

See Less ⌄

Track Another Package

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Greyhound Lines Inc.
% CT Corporation System
1100 June Lake Ct. Ste 200
Raleigh NC 27615

9590 9402 9452 5069 2766 56

2. Article Number (Transfer from service label)

9589 0710 5270 0488 9466 76

PS Form 3811, June 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Marvin Ayala*

☐ Agent
☐ Addressee

B. Received by (Printed Name)

JUN 0 8 2026

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt